UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUSTIN MARKEL WRIGHT,<br><br>        Petitioner,<br>v.<br><br>R. H. TRIMBLE, Warden,.<br><br>        Respondent. | Civil No. 11-cv-1067 AJB (WVG)<br><br>**ORDER ADOPTING REPORT AND RECOMMENDATION, DENYING PETITION FOR WRIT OF HABEAS CORPUS, AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>[Doc. No. 14] |

On May 13, 2011, Justin Markel Wright ("Petitioner"), a California prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (Doc. No. 1.) This matter was referred to Magistrate Judge William V. Gallo for report and recommendation pursuant to 28 U.S.C. § 636. On September 14, 2011, Defendants filed response to the petition. (Doc. No.11.) On September 30, 2011, Petitioner filed a reply. (Doc. No. 13.) Judge Gallo issued his report and recommendation ("R&R") that the petition be denied. On December 27, 2011, Petitioner timely filed an Objection to the Report and Recommendation (Doc. No. 16), which the Court considered before issuing this order. No reply was filed.

A district court has jurisdiction to review a Magistrate Judge's R&R on dispositive matters. Fed. R. Civ. P. 72(b). "The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." *Id.* "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. §

636(b)(1).  The Court reviews de novo those portions of the R&R to which specific written objection is made.  *United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (*en banc*).  "The statute makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise."  *Id.*  When no objections are filed, the Court need not review de novo the R&R.  *Wang v. Masaitis*, 416 F.3d 992, 1000 n.13 (9th Cir. 2005).

Petitioner objects to Judge Gallo's finding that Petitioner's trial counsel was not ineffective under the standard set forth by *Strickland v. Washington*, 466 U.S. 668 (1984).  (Doc. No. 16 at 2.)  Petitioner also objects to the R&R's finding that Petitioner's appellate counsel was not ineffective.  (*Id.* at 5.)

Petitioner argues that his trial counsel and appellate counsel were both ineffective because of the particular strategy employed to argue that the traffic stop leading to Petitioner's arrest was improper.  (*Id.* at 2-3).  At trial and on appeal, Petitioner's counsel did, in fact, argue that the stop was improper under the Fourth Amendment because the detaining officer had no particularized basis for suspected legal wrongdoing.  This argument was ultimately unsuccessful at both levels.  Petitioner now contends that his counsel should have chosen a different method of advancing a similar argument.  Specifically, Petitioner asserts that his counsel should have contested the standard used by the court in determining whether a violation of the Fourth Amendment took place.  Petitioner points to *U.S. v. Arvizu*, which holds that courts "must look at the 'totality of the circumstances' of each case to see whether the detaining officer has a 'particularized and objective basis' for suspecting **legal wrongdoing**." 534 U.S. 266, 273 (2002) (emphasis added) (citing *U.S. v. Cortez*, 449 U.S. 411, 417 (1981)).  Petitioner then argues that a distinct standard exists in *United States v. Cortez*, which holds that "detaining officers must have a particularized and objective basis for suspecting the particular person stopped of **criminal activity**." 449 U.S. at 417-418 (emphasis added).  Petitioner contends that the *Cortez* standard ("criminal activity") is correct whereas the *Arvizu* standard ("legal wrongdoing") is incorrect.  In Petitioner's view, his conduct (remaining in a parked vehicle in the middle of the street and failing to restrain his child in the backseat of the vehicle) was merely a legal wrongdoing and did not rise to the level of criminal activity.  As a result, Petitioner argues the traffic stop was improper.  Because

Petitioner's trial and appellate counsel did not advance this particular argument, Petitioner claims that his trial and appellate counsel were both ineffective.

Petitioner cites *Arvizu* and *Cortez* for both objections, but neither of these cases supports his interpretation of the law. There is nothing to suggest that the Court draws any distinction between "legal wrongdoing" and "criminal activity" with respect to Fourth Amendment traffic stops. Furthermore, a traffic stop and subsequent warrantless arrest based on failure to wear a seatbelt and properly restrain children in an automobile does not violate the Fourth Amendment. *Atwater v. City of Lago Vista*, 532 U.S. 318, 355 (2001). Finally, even if the law were on Petitioner's side, he must still meet the *Strickland* standard for ineffective assistance of counsel claims. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). Under *Strickland*, Petitioner must show that 1) his counsel's performance was deficient and 2) this deficient performance prejudiced the defense. *Id.* Furthermore, review of counsel's performance is "highly deferential." *United States v. Ferreira-Alameda*, 815 F. 2d 1251, 1253 (9th Cir. 1987).

Petitioner cannot meet this standard because his trial counsel and appellate counsel actually advanced the argument that both 1) stopping an automobile in the middle of a street and 2) failing to restrain a child in the back of a stationary automobile serve as an improper basis for a traffic stop under the Fourth Amendment. (Respondent's Lodgment No. 13, at RT 33-34; 37-38.) Petitioner essentially asserts that his trial and appellate counsel should have used different logic to make the same argument. Failure of counsel to employ Petitioner's logic, however, does not constitute deficient performance under *Strickland* because it does not constitute "errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Both of Petitioner's objections are therefore overruled, and the R&R is adopted on both issues.

When a district court enters a final order adverse to the applicant in a habeas proceeding, it must either issue or deny a certificate of appealability, according to Rule 11(a) of the Rules Governing Section 2254 Cases. A certificate of appealability is required to appeal a final order in a habeas proceeding. 28 U.S.C. § 2253(c)(1)(A). It is appropriate only where the petitioner makes "a substantial showing of the denial of a constitutional right." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). Under this standard, the petitioner must demonstrate that reasonable jurists could debate whether the petition

should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further. 28 U.S.C. § 2253; *Slack v. McDaniel*, 529 U.S. 473, 474 (2000).

Here, a certificate of appealability is not appropriate. Reasonable jurors could not have debated whether Petitioner's trial and appellate counsel were ineffective under the *Strickland* standard because Petitioner's trial and appellate counsel actually advanced the argument that the traffic stop was improper under the Fourth Amendment. For the same reason, the issues presented are not adequate to deserve encouragement to proceed further. A certificate of appealability is therefore denied.

After reviewing the R&R, the Court finds it to be correct and **ADOPTS** it in full. Petitioner's Writ of Habeas Corpus is **DENIED**. The Court **DENIES** a Certificate of Appealability.

**IT IS SO ORDERED.**

DATED: February 6, 2012

_____
Hon. Anthony J. Battaglia
U.S. District Judge